UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

LAUREL FRANKE, :
    Plaintiff, :
     :
v. : 3:10-cv-1535 (WWE)
     :
GLOBAL CREDIT AND COLLECTION :
CORPORATION, :
    Defendant. :

# MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO DISMISS

Plaintiff Laurel Franke brings this action alleging that defendant Global Credit and Collection Corporation violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 et seq., and Connecticut General Statutes §§ 36a-800 et seq. and 42-110b ("CUTPA"). Now pending before the Court is defendant's motion to dismiss (Doc. #10). Plaintiff has not filed any opposition to defendant's motion. For the following reasons, defendant's motion will be granted.

Plaintiff originally commenced this action in state court. Defendant removed it pursuant to 28 U.S.C. §§ 1441 and 1446. The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 as to the federal law claims, and 28 U.S.C. § 1367(a) as to the state law claims.

## BACKGROUND

For purposes of ruling on a motion to dismiss, the Court accepts all factual allegations of the complaint as true.

Plaintiff alleges that she is a "consumer debtor," "consumer" and/or "person" as defined by the FDCPA and Connecticut law. She further alleges that defendant is a

1

"debt collector" as defined by the FDCPA and a "consumer collection agency" and/or "person" as defined by Connecticut law. At all relevant times, defendant has been engaged in the trade or commerce of distributing debt collection services to consumers in the state of Connecticut.

Plaintiff[1] received a dunning letter[2] from defendant dated September 8, 2009 regarding an alleged debt owed by plaintiff to Capital One LLC.[3] Neither defendant nor the company it represents are attorneys admitted to practice law, nor is the letter signed by any attorney admitted to practice law. Although the letter contained the thirty-day validation notice, the notice was printed on the back of the letter and was obscured and overshadowed by numerous payment options and a variety of laws regarding debt collection. On the front of the letter, it said to "see to reverse side for important information;" this message was overshadowed by all of the other information printed on the front of the letter and on the reverse side. The letter further stated that the "account has met the criteria for possible legal action by Capital One LLC" and "to avoid potentially being sued," plaintiff should contact defendant. These statements overshadowed and contradicted the purpose of the thirty-day validation clause and could lead the debtor to believe that if she did not pay immediately, she would be sued

---

[1] The complaint states that defendant "received a dunning letter from the Plaintiff...." It is apparent by reviewing the letter, which was attached to the complaint, that the letter was sent to plaintiff from defendant.

[2] A "dunning letter" is a "debt collection letter." Greco v. Trauner, Cohen & Thomas, L.L.P., 412 F.3d 360, 361 (2d Cir. 2005).

[3] The dunning letter was attached to plaintiff's state court complaint. Once the complaint was transmitted to the federal docket, the letter became mostly illegible. Plaintiff is instructed to file a more legible version of this letter.

immediately without any consideration for her rights.  Plaintiff further alleges that such statements may also be construed as the unauthorized practice of law by a non-attorney in violation of the laws of the state of Connecticut.  Moreover, plaintiff alleges that the threat of court action violates Connecticut law.

Defendant left two messages on plaintiff's answering machine making numerous threats, and defendant has failed to validate the debt to date.

Plaintiff alleges that she has suffered an ascertainable loss of money or property.  She alleges that defendant violated 15 U.S.C. §§ 1692d, 1692e, 1692f and 1692g and Conn. Gen. Stat. §§ 36a-805, 808 and 42-110b.

## DISCUSSION

The function of a motion to dismiss is "merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof."  Ryder Energy Distrib. v. Merrill Lynch Commodities, Inc., 748 F.2d 774, 779 (2d Cir. 1984).  When deciding a motion to dismiss, the court must accept all well-pleaded allegations as true and draw all reasonable inferences in favor of the pleader.  Hishon v. King, 467 U.S. 69, 73 (1984).  The complaint must contain the grounds upon which the claim rests through factual allegations sufficient "to raise a right to relief above the speculative level."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).  A plaintiff is obliged to amplify a claim with some factual allegations to allow the court to draw the reasonable inference that the defendant is liable for the alleged conduct.  Ashcroft v. Iqbal, 556 U.S. ___, 129 S. Ct. 1937 (2009).

**I.     Claims Under the FDCPA**

Defendant moves to dismiss plaintiff's FDCPA claims because the allegations are vague and conclusory.  FDCPA § 1692d provides that a debt collector "may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt."  Section 1692e provides that a debt collector "may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt."  Section 1692f provides that a debt collector "may not use unfair or unconscionable means to collect or attempt to collect any debt."  Finally, section 1692g relates to the validation of debts.  Subsection (b) is triggered only when a consumer notifies the debt collector in writing that the debt is disputed.

Plaintiff's complaint is bare of any specific facts that would support a claim that the dunning letter had a natural consequence to harass, oppress or abuse; that it contained false, deceptive or misleading representations; or that it used unfair or unconscionable means to collect a debt.  Furthermore, plaintiff fails to allege sufficient facts to support a claim that defendant failed to validate the debt to date under section 1692g(b) insofar as she does not allege that she notified defendant in writing that the debt was disputed.

Plaintiff's claims under the FDCPA fail to meet the requisite standard under Rule 8 of the Federal Rules of Civil Procedure and <u>Iqbal</u>, 556 U.S. ___, 129 S. Ct. 1937.  Therefore, the Court will dismiss plaintiff's federal law claims.  The Court will permit plaintiff to file an amended complaint appropriately alleging claims under the FDCPA.

## II.     State Law Claims

Because the Court will permit plaintiff to amend her complaint, it will address the state law claims.

Conn. Gen. Stat. § 36a-805 prohibits a consumer collection agency from performing various actions in collecting a consumer debt. The complaint fails to allege any conduct by defendant that would fall within any of the fifteen subparts of § 36a-805(a). Therefore, dismissal of this claim is appropriate.

Section 36a-808 permits the Banking Commissioner to take action against consumer collection agencies. By its language, it does not provide for a private cause of action. Plaintiff's claim under this section will be dismissed.

Finally, section 42-110b(1) proscribes "unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce." To identify whether a practice is "unfair," Connecticut courts look to "(1) [w]hether the practice ... offends public policy as it has been established by statutes, the common law, or otherwise...; (2) whether it is immoral, unethical, oppressive, or unscrupulous; [and] (3) whether it causes substantial injury to consumers." Harris v. Bradley Mem'l Hosp. & Health Ctr., Inc., 296 Conn. 315, 350 (2010). A plaintiff must allege "how or in what respect the defendant's activities are either immoral, unethical, unscrupulous or offensive to public policy." Boulevard Assocs. v. Sovereign Hotels, Inc., 72 F.3d 1029, 1039 (2d Cir. 1995) (addressing CUTPA-claim premised on breach of contract). Plaintiff's allegations are insufficient to support a charge that defendant engaged in unfair methods of competition or unfair or deceptive acts or practices or that any practice by defendant rose to the level necessary under Harris or Boulevard Assocs.

5

Therefore, the Court will dismiss these claims as well.

## CONCLUSION

For the foregoing reasons, the Court GRANTS defendant's motion to dismiss (Doc. #10). Plaintiff shall file an amended complaint within seven days of the filing of this ruling. Failure to do so will result in this case being dismissed.

Dated at Bridgeport, Connecticut, this 1st day of November, 2010.

                                              /s/
                                     Warren W. Eginton
                                     Senior United States District Judge